IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON P. TOPE,

                Petitioner,                   OPINION AND ORDER

      v.                                     3:07-cv-0661-bbc

STATE OF WISCONSIN,

                Respondent.

---

      Jason P. Tope has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a July 30, 2003 sentence imposed by the Circuit Court for Burnett County. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner does not challenge the validity of his conviction or his sentence, but only the execution of that sentence. He contends that the circuit court had no authority to order him to serve his sentence in Minnesota. As will be explained below, I am dismissing the petition with prejudice because the facts alleged by petitioner fail to show that he is being held in custody in violation of the Constitution or laws of the United States.

      From the petition, I find that it fairly alleges the following facts.

ALLEGATIONS OF THE PETITION

Petitioner is in custody at the Stillwater Correctional Facility in Bayport, Minnesota, where he is serving a 153-month Minnesota sentence.  On July 30, 2003, petitioner was convicted in the Circuit Court for Burnett County, Wisconsin, for theft.  The circuit court imposed sentence of 10 days, consecutive to petitioner's Minnesota sentence.  The court stated that it intended petitioner to serve the 10 days in Minnesota immediately after his Minnesota sentence expired.  Petitioner did not appeal his conviction or sentence.

On July 3, 2006, the district attorney informed petitioner that he might have to pay Minnesota for the privilege of serving his 10-day Wisconsin sentence in Minnesota, and that if Minnesota granted this privilege, it would be a "courtesy type situation."

OPINION

Petitioner raises three challenges to his 10-day Wisconsin sentence.  First, he contends that the sentence should be deemed satisfied by the amount of time he has spent in custody in Minnesota.  Second, he contend that the sentence is void because the circuit court was not authorized to order him to serve time in Minnesota.  His third claim is a corollary to his second:  he contends that the sentence is void because the State of Minnesota will not honor it.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the district court to dismiss a petition summarily if "it plainly appears from the face of the petition and any

2

exhibits annexed to it that the petitioner is not entitled to relief in the district court."
Summary dismissal is permitted if a petition "raises a legal theory that is indisputably
without merit" or "contains factual allegations that are 'palpably incredible' or 'patently
frivolous or false'." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (quoting
Blackledge v. Allison, 431 U.S. 63, 76 (1977)).

To be entitled to habeas relief under 28 U.S.C. § 2254, a petitioner must show that
he is in custody pursuant to the judgment of a State court "in violation of the Constitution
or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner may bring
a habeas petition challenging a sentence that he has not yet begun to serve, as petitioner has
done here. Garlotte v. Fordice, 515 U.S. 39 (1995); Peyton v. Rowe, 391 U.S. 54 (1968);
Rule 2(b) of the Rules Governing Section 2254 Cases. However, the proper respondent in
such a case is not the State of Wisconsin. Under Rule 2(b), the proper respondents in this
case are the Wisconsin Attorney General, J.B. Van Hollen, and the warden at the Stillwater
facility.

Petitioner's failure to name the proper respondents is beside the point in this case
because I am not ordering anyone to respond to the petition. That is because there is no
merit to petitioner's claim that his Wisconsin sentence was imposed in violation of his
constitutional rights. His claim that his 10-day sentence "should be satisfied" by the amount
of time he has served in Minnesota is simply petitioner's own point of view and does not
state a viable constitutional claim. As for his related second and third claims, petitioner

3

may be correct that the circuit court was not authorized to order him to serve his sentence in another state.  Even so, that claim raises at most an error of state law, which is not cognizable in a federal habeas proceeding.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). <u>See</u> <u>also</u>  <u>Prows v. Federal Bureau of Prisons</u>, 981 F.2d 466, 469 (1992) ("State and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution.").

Further, petitioner is incorrect when he suggests that his entire sentence is void and must be set aside as a result of that error.  When a prisoner "complains of the unlawfulness of his place of imprisonment[,] [h]e is only entitled to relief from that unlawful feature[.]" <u>In Re Bonner</u>, 151 U.S. 242 (1894).  <u>See also</u> <u>United States v. Pridgeon</u>, 153 U.S. 48, 62 (1894) (imposition of sentence in excess of what law permits does not render authorized portion of sentence void, "but only leaves such portion of the sentence as may be in excess open to question and attack").  In other words, even if the judge might have erred with respect to *where* petitioner could serve his sentence, at most petitioner would be entitled to be resentenced without the court specifying that petitioner should serve his 10 days in Minnesota.  Petitioner would not automatically be entitled to get off scot-free from his conviction.

In closing, I note that even if petitioner had articulated a cognizable constitutional claim, this court still would not entertain the petition because petitioner has not attempted to obtain relief from the state courts.  In general, a state prisoner must exhaust whatever

4

state remedies are available to him before seeking relief from the federal courts. 28 U.S.C.

§ 2254(b)(1)(A). There is no evidence that petitioner has done this. If petitioner is correct

that the sentencing court might have been mistaken about the viability of petitioner's serving

his 10-day term in Minnesota, then it is that court from which petitioner ought to seek

relief.

The facts alleged by petitioner, even if true, fail to show that the sentence ordered by

the circuit court is in violation of the Constitution or laws of the United States. Accordingly,

the petition will be dismissed.


ORDER

IT IS ORDERED that the petition of Jason Tope for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules

Governing Section 2254 Cases.

Entered this 28th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5